IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wallace Graham and Dorothy Graham, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 4:05-CV-02895-TLW |
| ) | |
| vs. ) | |
| ) | |
| Bassett Furniture Industries, Inc., ) | |
| Fleetwood Homes of Georgia, Inc., ) | |
| Phillips, Inc. and Progress Energy ) | |
| Carolinas, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

Before the Court is Progress Energy's renewed motion for summary judgment. The plaintiffs, Wallace and Dorothy Graham ("plaintiffs"), filed this action on October 7, 2005, alleging causes of action for strict liability, breach of implied and express warranties, and negligence against the defendants Bassett Furniture Industries, Inc. ("Bassett"), Phillips, Inc. ("Phillips"), and Fleetwood Homes of Georgia, Inc. ("Fleetwood"). (Docs 1, 23). The plaintiffs also brought a cause of action for negligence against Progress Energy Carolinas, Inc. ("Progress Energy" or "defendant"). (Docs. 1, 23). Subsequently, this Court signed a stipulation of dismissal with prejudice entered into by the plaintiffs and defendant Fleetwood. (Doc. # 69). The remaining defendants each filed a motion for summary judgment. (Docs. 60, 64, 74). On January 17, 2008, this Court signed an order, which denied summary judgment to Bassett and Phillips and granted summary judgment to Progress Energy, concluding Progress Energy's acts or omissions were not the proximate cause of the

1

plaintiffs' injuries. (Doc. # 113).[1] The plaintiffs filed a motion to reconsider, (Doc. # 115), which was denied. (Doc. # 144). On August 15, 2008, the plaintiffs filed a Notice of Appeal regarding the Order granting summary judgment to Progress Energy. (Doc. # 172). In an unpublished decision, the Fourth Circuit Court of Appeals reversed the Order and remanded the case back to this Court, holding that it could not say as a matter of law whether Progress Energy's alleged negligent conduct proximately caused the plaintiffs' injury. Graham v. Progress Energy, Inc., No. 08-1906, 2010 WL 2639883 (4th Cir. June 25, 2010) (Doc. # 178). On remand, Progress Energy renewed its motion for summary judgment based on the second argument made in its original motion, which is that the plaintiffs cannot recover because their negligence is greater than fifty percent as a matter of law. (Doc. # 179). The plaintiffs responded to this motion on July 29, 2010. (Doc. # 182). The Court has considered the applicable law, arguments of counsel, and memoranda submitted. This matter is now ripe for disposition.

## FACTS

On April 26, 2005, Progress Energy disconnected electrical service to the plaintiffs' residence following non-payment of their electric bills. The plaintiffs consequently lit several candles for illumination, including two that were placed in sconces mounted on the wall overhanging the living room sofa. Before falling asleep that night, the plaintiffs forgot to extinguish the candles. Wallace Graham subsequently awoke to discover that the burning candles started a fire in the living room. He returned to the master bedroom to awake his wife who was able to escape through the front door. However, Wallace was unable to follow her. He retreated to the master bedroom where he attempted

---

[1] The remaining two defendants, Bassett and Phillips, settled with the plaintiffs, and this Court signed an order dismissing the case between them with prejudice on September 22, 2008. (Doc. # 175).

2

to exit through the window, but he was unable to operate the latch on the window and escape. The local fire department was able to rescue him but not before he suffered burn and smoke inhalation injuries.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the defendant is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the party seeking summary judgment, the defendant bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires that the defendant identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex, 477 U.S. at 323; see also Anderson, 477 U.S. at 249.

Though the defendant bears this initial responsibility, the plaintiffs, as the nonmoving party, must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 317. In satisfying this burden, the plaintiffs must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, Anderson, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the plaintiffs must produce evidence on which a jury could reasonably find in their favor. See Anderson, 477 U.S. at 252.

In considering the defendant's motion for summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the plaintiffs as the nonmoving party. See Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita, 475 U.S. at 587 (1986) (internal quotations omitted).

## DISCUSSION

Progress Energy argues that summary judgment in its favor is appropriate because, as a matter of law, the plaintiffs' negligence is greater than fifty percent of the total fault attributable to the parties in this case. In Nelson v. Concrete Supply Co., the South Carolina Supreme Court adopted a comparative negligence system in which a plaintiff may only "recover damages if his or her negligence is not greater than that of the defendant." 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991). "If there is more than one defendant, the plaintiff's negligence [should] be compared to the combined negligence of all defendants." Id; see also Creech v. S.C. Wildlife & Marine Res. Dep't, 328 S.C. 24, 33 n.1, 491 S.E.2d 571, 575 n.1 (1997) (holding that the defendants were incorrect in arguing the plaintiff's negligence should be compared separately to each defendant's negligence). Ordinarily, "[c]omparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." Creech, 328 S.C. at 32, 491 S.E.2d at 575. As a result, a trial court should only grant judgment as a matter of law based on comparative negligence "if the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent." Bloom v. Ravoira, 339 S.C. 417, 422, 529 S.E.2d 710, 713 (2000) (citing Creech, 328 S.C. at 33, 491 S.E.2d at 575). "Therefore, summary judgment is generally not appropriate in a comparative negligence case." Id.

Consistent with these principles, South Carolina courts have granted judgment as a matter of law based on comparative negligence in relatively few instances. In Hopson v. Clary, the South Carolina Court of Appeals upheld the granting of a directed verdict based on comparative negligence against a driver who pulled to the right side of the road, attempted to make a U-turn crossing over lanes of traffic, and was involved in an accident with the defendant while doing so. 321 S.C. 312, 468 S.E.2d 305 (Ct. App. 1996). Similarly, in Bloom v. Ravoira, the South Carolina Supreme Court held that the trial court was correct in granting summary judgment to a motorist who hit a pedestrian where the pedestrian, while dressed in dark clothing, entered the street on a dark, rainy evening from between two parked cars and crossed in the middle of a block instead of using a crosswalk. 339 S.C. 417, 529 S.E.2d 710 (2000). Finally, in Estate of Haley v. Brown, the South Carolina Court of Appeals held that the only reasonable inference was the negligence of a child bicyclist who was killed after emerging into the street from a "driveway shielded with 'extremely tall' shrubbery" and running into the side of the defendant driver's truck outweighed any possible negligence on the driver's part. 370 S.C. 240, 634 S.E.2d 62 (Ct. App. 2006). In the case at hand, the Court concludes the alleged negligence of the plaintiffs does not arise to the level of negligence committed by the plaintiffs in Hopson, Bloom, and Estate of Haley.

Consequently, after considering the applicable law and arguments of the parties in addition to construing all facts and reasonable inferences in a light most favorable to the plaintiffs, this Court does not find that the plaintiffs' negligence exceeded fifty percent as a matter of law. A jury question exists regarding the percentage of fault that may be attributed to the plaintiffs based on the conduct in which the defendant Progress Energy asserts the plaintiffs engaged. Such conduct, as asserted by Progress Energy, relates to the plaintiffs' failure to extinguish the candles before falling

asleep, their use of the wall sconces, their placement of the bed in front of the window in the bedroom, and their placement of the couch and/or other flammable objects below the candles. Additionally, a factual question exists regarding the plaintiffs' arguments that Progress Energy was negligent in the procedures it followed before shutting off their electricity. Because there are remaining factual issues regarding the degree of negligence attributable to each of the parties in this case, Progress Energy's motion for summary judgment is **DENIED**.

## **CONCLUSION**

For the reasons set forth herein, defendant Progress Energy's motion for summary judgment, (Doc. # 179), is **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten  
TERRY L. WOOTEN  
United States District Judge

October 28, 2010

Florence, South Carolina